**Amel DALLUGE, Plaintiff–Appellant,**

v.

**P. COATES, Correctional Officer; et al., Defendants–Appellees.**

No. 08–35267.

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2009.*

Filed July 27, 2009.

Amel Dalluge, Airway Heights, WA, pro se.

Jennifer D. Homer, Esquire, Canfield & Associates, Jerry J. Moberg, Esquire, Jerry Moberg & Associates, Ephrata, WA, for Defendants–Appellees.

Before: SCHROEDER, THOMAS, and WARDLAW, Circuit Judges.

MEMORANDUM **

Amel Dalluge, a California pretrial detainee at the time of the events giving rise to the instant lawsuit, appeals pro se from the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging excessive force and deliberate indifference in connection with his placement in a restraint chair. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1180 (9th Cir.2002), and we affirm.

The district court properly concluded that no reasonable jury would find that the patting or touching of Dalluge's head by Coates was excessive use of force or that such conduct rose to the level of a constitutional violation. *See id.* at 1197–98 (explaining that the "nature and quality of the intrusion" on a pretrial detainee's rights is considered when evaluating an excessive force claim).

The district court properly granted summary judgment on Dalluge's claim that use of the restraint chair violated his constitutional rights because defendants expressed legitimate security needs and Dalluge has

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

not adduced any evidence indicating an intent to punish him. *See Bell v. Wolfish,* 441 U.S. 520, 538–39, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) ("Absent a showing of an expressed intent to punish on the part of detention facility officials ... if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'").

The district court did not abuse its discretion in denying Dalluge's motion for reconsideration because Dalluge failed to show good cause justifying reconsideration. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993) (setting forth elements for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure).

Dalluge's remaining contentions are unpersuasive.

**AFFIRMED.**